ORIGINAL

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 3 2004
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| MILL CREEK PRESS, INC. d/b/a ADVANCED ART and TUESDAY MORNING CORPORATION,  §§§§§ PLAINTIFFS, §§ v. §§ THE THOMAS KINKADE COMPANY, §§§§ DEFENDANT. | CIVIL ACTION NO. 3-04-CV-1213-G |

### REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS

In its opening brief in support of this motion to dismiss, defendant The Thomas Kinkade Company ("TKC") demonstrated that the Amended Complaint of Plaintiffs Mill Creek Press, Inc. d/b/a Advanced Art ("Advanced Art") and Tuesday Morning Corporation ("Tuesday Morning") (together, "Plaintiffs") should be dismissed because (a) it is a classic "anticipatory filing," involving a declaratory judgment action (1) filed solely to secure a Dallas, Texas forum for Plaintiffs' disputes with TKC, and (2) filed earlier than TKC's infringement lawsuit in California (the "California Action") only because TKC delayed filing the California Action to attempt pre-litigation settlement and because Plaintiffs lulled TKC into believing there was no need to file earlier; and (b) Advanced Art failed to state a claim for tortious interference.

Tuesday Morning already has tried and failed to seek dismissal of the California Action in favor of this Texas action or, in the alternative, transfer the California Action to this District. The U.S. District Court for the Central District of California refused to dismiss the California Action, agreeing that this Northern District of Texas lawsuit was an improper anticipatory filing and finding that Tuesday Morning acted in bad faith by scheming to ensure that this Texas action would be filed several hours before the California Action:

> The first to file rule does not warrant the dismissal or transfer of this suit because the first filed case was an anticipatory declaratory judgment action triggered by defendant's efforts to forum shop.
>
> Defendant Tuesday Morning also conducted itself in bad faith seemingly in an attempt to stall [TKC's] efforts to file [the Texas] action.

(Suppl. App. pp. 21 – 22 (Transcript of Proceedings, 7/12/04, at 5:22 – 6:11).)[1] Regarding Tuesday Morning's motion to transfer the California Action to this District, the Court noted that "there is insufficient showing to transfer at this time." (*Id.* at 6:13-16; *see also* Suppl. App. p. 25 (Order, dated July 16, 2004).) While not bound by this sister-court ruling, its sound reasoning – and federal principles of comity – warrant this Court's making the same findings and dismissing this action in favor of the California Action.

Plaintiffs' primary argument in opposing this Motion is that Advanced Art's unsupportable tortious interference claim somehow disqualifies this action from being an anticipatory filing. Plaintiffs also argue that the Northern District of Texas is "the only forum that has jurisdiction over all parties involved" (Opp. p. 7, at ¶ 14),[2] that this Court should delay any decision on TKC's motion because Advanced Art intends to move to transfer the California Action to this Court, and that only Tuesday Morning, not Advanced Art, was held by the Central District of California to have acted in bad faith by inducing TKC to delay filing its suit in California.

Plaintiffs' arguments have no merit. The mere fact that Advanced Art slapped a deficient tortious interference claim onto Plaintiffs' anticipatory declaratory judgment complaint is no reason to maintain this lawsuit in Texas when it should be heard in California. Moreover, there is no evidence whatsoever that the Central District of California lacks jurisdiction (or venue) over either of Plaintiffs. In fact, even if there were such evidence, Plaintiffs waived any right to

---

[1] Page references to the Supplemental Appendix of Evidence in Support of Motion to Dismiss will be cited as: "Suppl. App. p. ___."

[2] References to Plaintiffs' Joint Opposition to Defendant's Motion to Dismiss will be cited as "Opp. P. ___."

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS**                                      Page - 2

challenge jurisdiction or venue in the Central District of California by asserting counterclaims against TKC in the California Action. Advanced Art's threat that it "will soon file" a motion to transfer does not warrant delay in dismissing this action because – two months after filing this lawsuit (on June 4, 2004) – Advanced Art has yet to proffer any evidence in either Court that would support such a transfer, and the Central District of California already has refused to transfer the California action to Texas on Tuesday Morning's motion. Finally, there was no reason for the Central District of California to make a finding that Advanced Art acted in bad faith, because Advanced Art was not a party to the motion before that Court. The evidence before this Court demonstrates Advanced Art's bad faith. Advanced Art took part in all the June 4, 2004, discussions and negotiations among the parties and acted in concert with Tuesday Morning, including filing this action together with Tuesday Morning.

Plaintiffs also argue that Advanced Art's tortious interference claim should not be dismissed or, alternatively, that Advanced Art should be given an opportunity to amend that claim. However, TKC demonstrated in its motion that Advanced Art failed to state a claim for tortious interference, and Plaintiffs' opposition fails to proffer any evidence or allegations – let alone a proposed amended pleading – that might cure the fatal deficiencies in that claim. In any event, this Court will not have subject matter jurisdiction over the tortious interference claim once the declaratory judgment claims are properly dismissed.

Accordingly, this action should be dismissed in all respects and the parties should proceed in California.

### A.   Plaintiffs' Conduct Mandates That The First-To-File Rule Should Not Be Enforced Here

#### 1.   This Action Is An Anticipatory Filing

TKC's moving papers unequivocally demonstrate that Plaintiffs' complaint in this action was an "anticipatory filing" by Plaintiffs to avoid facing an expected lawsuit by TKC in

California, rendering the "first-to-file" rule inapplicable to this lawsuit. (Mot. pp. 6-9, 11-14.)[3] The Central District of California agreed: "The first to file rule does not warrant the dismissal or transfer of [the California Action] because the first filed case [the Texas action] was an anticipatory declaratory judgment action triggered by defendant's efforts to forum shop." (Suppl. App. p. 21 (Transcript of Proceedings, 7/12/04, at 5:22-25).)

Plaintiffs incorrectly assert that this Court should not apply the anticipatory filing exception to the first-to-file rule, purportedly because "in every single one of the 'anticipatory filing' cases cited by Kinkade, the *only* relief sought in the 'first-to-file' action was a declaratory judgment . . . . [and] Advanced Art's First Amended Complaint alleges the substantive cause of action of tortious interference with contracts and business relationships." (Opp. p. 6, at ¶ 13.)

Plaintiffs' assertion is false. In TKC's motion, it cites *Lonza Inc. v. Rohm and Haas, Inc.*, 951 F. Supp. 46 (S.D.N.Y. 1997) (Mot. p. 12), in which the first-filed action asserted claims both for declaratory judgment and for unfair competition. 951 F. Supp. at 47. Finding the first-filed action anticipatory, the U.S. District Court for the Southern District of New York dismissed the declaratory judgment portions of the first-filed action and transferred the unfair competition claims to the District where the second-filed action was pending. *Id.* at 50.[4] As in *Lonza*, to the extent this Court permits Advanced Art's severely deficient tortious interference claim to survive, it should dismiss the declaratory judgment claims immediately and simply transfer the tortious interference claim to the Central District of California, where it can be consolidated or coordinated with the California Action.

---

[3] References to TKC's Motion to Dismiss and Brief in Support will be cited as: "Mot. P. ___."

[4] Plaintiffs cite no authority for their proposition that the anticipatory filing exception applies only to actions that solely seek declaratory judgments, and Plaintiffs' citing of only a few of the many cases dealing with anticipatory filings is disingenuous. Even a brief objective reading of Plaintiffs' Amended Complaint reveals that it is first and foremost a declaratory judgment action: One of the Plaintiffs – Tuesday Morning – is not even a party to the tortious interference claim and, as demonstrated in TKC's motion, the tortious interference claim does not come close to stating a claim for relief. (Mot. pp. 17-18.) It would be unfair and unreasonable to allow Plaintiffs to avoid application of the anticipatory filing exception simply by tacking on a facially deficient claim by one of the plaintiffs.

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS**                                    Page - 4

No such transfer should be granted, however, even if Advanced Art were to state a claim for tortious interference. Instead, this Court should dismiss the tortious interference claim because, once the declaratory judgment claims are dismissed, there will be no basis for subject matter jurisdiction over the tortuous interference claim in this Federal Court. According to the Amended Complaint, Plaintiffs' alleged basis for subject matter jurisdiction in this Court is that federal questions are involved (including the Federal Declaratory Judgments Act and the trademark and copyright laws). (Am. Compl. ¶ 4.) Defendants have asserted no independent basis for the common-law tortious interference claim to be heard in this Court and it should be dismissed.

2. <u>Jurisdiction And Venue Are Proper In The Central District Of California, And There Is No Support For Plaintiffs' Claims That The Northern District Of Texas Is The Most Convenient Forum</u>

Plaintiffs have not provided any evidence or authority to support their arguments that the anticipatory filing exception to the first-to-file rule should not be applied because they "brought this action in the only forum that has jurisdiction over all the parties involved, that has any relationship to the matters at issue between the parties, and that is the most convenient forum for all parties pursuant to 28 U.S.C. § 1404(a)." (Opp. p. 7, at ¶ 14.)

Indeed, each of Tuesday Morning and Advanced Art waived any challenge to personal jurisdiction in the California Action by filing an Answer and Counterclaim in the California Action without challenging the jurisdiction of the Central District of California. (*See* Suppl. App. pp. 33-37, 46-49 (Tuesday Morning Answer pp. 7-11; Advanced Art Answer pp. 8-11).) Once they sought affirmative relief through their counterclaims in the Central District of California, Plaintiffs waived any challenge to jurisdiction in that court. *See Schnabel v. Lui*, 302 F.3d 1023, 1036-37 & n.5 (9th Cir. 2002) ("when a party who has appeared only as a defendant, defends and files a counterclaim, objection to personal jurisdiction is waived").

Nor have Plaintiffs provided any evidence that this is the "most convenient forum" (Opp. p. 7, at ¶ 14) to hear the parties' disputes. In fact, the Central District of California denied Tuesday Morning's motion to transfer the California Action to this District and found that there was an "insufficient showing" to transfer the case to Texas. (Suppl. App. p. 22 (Transcript, 7/16/04, at 6:13-16).) Plus, neither Tuesday Morning nor Advanced Art has even claimed that venue is improper in the Central District of California. Indeed, with both TKC and Tuesday Morning already ordered to litigate their disputes in California, and with Advanced Art's weak tortious interference claim as its only basis for a Texas suit, the "convenience" factors tip strongly in favor of California.[5]

### 3. Advanced Art Cannot Separate Itself From The Bad Faith In Running To The Texas Courthouse To Become The First To File

In its motion, TKC demonstrated that Tuesday Morning acted in bad faith by lulling TKC into not filing the California Action until after this Texas action was filed through Tuesday Morning's promises not to file litigation without prior notice to TKC. (Mot. pp. 16-17.) The Central District of California agreed, finding that "Tuesday Morning . . . conducted itself in bad faith seemingly in an attempt to stall plaintiff's efforts to file this action." (Suppl. App. p. 22 (Transcript 6:1-3).)

Plaintiffs argue that Advanced Art should not suffer simply because Tuesday Morning

---

[5] Plaintiffs also argue that the "first-to-file" rule should be applied because Advanced Art did not become a defendant in the California Action until three weeks after Advanced Art sued TKC in this Texas action. (Opp. p. 8, at 16.) However, under the "first-to-file" rule, it is the date of the original complaint – not any amendment – that is relevant. *See Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1974) ("In determining when a party filed an action for purposes of the first to file rule, courts focus on the date upon which the party filed its original, rather than its amended complaint.") Moreover, because Advanced Art and TKC have a written arbitration agreement between them, TKC was not free to name Advanced Art as a defendant in the California Action until after TKC discovered that Advanced Art had joined Tuesday Morning as a plaintiff in this Texas action, thereby waiving Advanced Art's right to enforce the parties' agreement to arbitrate their disputes. *See Kalai v. Gray*, 135 Cal. Rptr. 2d 449, 452-53 (Cal. Ct. App. 2003) (filing a lawsuit can waive the plaintiff's right thereafter to enforce an arbitration agreement against the other party).

acted in bad faith. (Opp. pp. 7-8, at ¶ 15.) However, Advanced Art took part in all the pre-litigation discussions and negotiations among the parties. (App. pp. 2-3, 5-6 (Murray Decl. ¶ 8; Goldblatt Decl. ¶¶ 6-9).) And Advanced Art acted in concert with Tuesday Morning by rushing to file this lawsuit together in a single pleading before TKC could file the California Action. The mere fact that the Central District of California did not explicitly find Advanced Art to have acted in bad faith is irrelevant, because Advanced Art was not even a party to Tuesday Morning's motion in the California Action, so the Court had no occasion to address Advanced Art's conduct.

### 4. The Cases Cited By Plaintiffs Do Not Support Their Arguments

The authority on which Plaintiffs rely to support their argument that this Texas action should not be dismissed in favor of the California Action consists largely of irrelevant cases where – unlike here – the first-filed case <u>was not an anticipatory declaratory judgment action</u>. For example, in *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982) (Opp. pp. 4-5, at ¶¶ 10), a Minnesota pacemaker manufacturer sued a California competitor in the Southern District of Florida for patent infringement. 678 F.2d at 94. The California competitor then filed a declaratory judgment action in the Central District of California. *Id.* The Central District of California dismissed the second-filed California declaratory judgment action, and the Ninth Circuit Court of Appeals affirmed, finding that the parties' claims should be heard in the first-filed infringement action, not in a declaratory judgment action:

> Declaratory relief is intended to serve a unique function in patent disputes, eliminating multiple litigation and protecting competitors from infringement actions that are threatened but not pursued. In contrast to those policies, [this] declaratory judgment action multiplies litigation. It does not shield [plaintiff] from an unfair threat of an infringement action, but attempts to remove ongoing litigation from the forum chosen by the plaintiff.

*Id.* at 97. As in *Pacesetter Systems*, Plaintiffs here improperly filed this declaratory judgment action to multiply litigation and to avoid TKC's chosen forum -- the Central District of California -- for determination of the substantive issues. *See also West Gulf Maritime Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-31 (5th Cir. 1985) (Opp. pp. 3-4, at ¶¶ 8-9) (finding the Southern District of Texas abused its discretion by denying a motion to dismiss a declaratory judgment action in favor of a substantive action filed in the Southern District of New York and holding that "[t]he Texas judge's action is especially problematic in light of [the] earlier denial of the motion to transfer the New York action to Texas."); *Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 829-30 (D.C. Cir. 1980) (Opp. p. 4, at ¶ 10) (affirming dismissal of action seeking contract damages in favor of earlier-filed action seeking to overturn Army Corps of Engineers' Board of Contract Appeals determination that damages were owed); *Bergh v. Washington*, 535 F.2d 505, 506-07 (9th Cir. 1976) (Opp. pp. 4-5, at ¶ 10) (affirming dismissal of action in Western District of Washington seeking to enjoin another judge in the same District from ordering state to promulgate regulations); *Elec. & Gas Tech., Inc. v. Mazurek*, 2002 WL 1125086, at *7 (N.D. Tex. 2002) (Opp. p. 5, at ¶ 11) (staying later-filed suit in favor of earlier-

filed breach of contract action).[6]

## B. This Court Should Not Delay Dismissal For The Unlikely Possibility That The Central District Of California Will Change Its Mind By Agreeing To Transfer The California Action To This Court

Plaintiffs request that this Court delay any dismissal of this Texas action pending a potential second motion to transfer the California Action to this Court. (Opp. pp. 8-9, at ¶¶ 17-18.) As discussed above, the Central District of California already denied just such a motion by Tuesday Morning (Suppl. App. p. 25 (Order, 7/16/04, at ¶ 3)), and there is no reason to believe either that Advanced Art actually will file a motion to transfer or that the Central District of California will reverse its prior decision. Significantly, Advanced Art provides no reason for its failure to file such a motion to date. This Court should not delay its decision to dismiss this Texas action based on pure speculation that a motion will be filed and that the Court in the California Action will have any reason to change its mind.

## C. Advanced Art's Tortious Interference Claim Is Deficient And, In Any Event, There Is No Subject Matter Jurisdiction Over That Claim

In TKC's opening brief, it demonstrated that Advanced Art's tortious interference claim was deficient and, therefore, should be dismissed. (Mot. at 17-18.) Not only did Advanced Art fail to allege any existing or prospective relationship between Advanced Art and Tuesday

---

[6] Plaintiffs' reliance on *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971) (Opp. p. 5, at ¶ 11) also is misplaced. In *Mann*, the circumstances were far more complex than simply an earlier-filed declaratory judgment action and a later-filed substantive action. In an action for declaratory judgment of non-infringement of a patent, the Southern District of New York enjoined a later-filed Western District of Texas suit for infringement of the same patent. 439 F.2d at 405-06. When the plaintiffs in the Texas case filed a new Western District of Texas action for infringement of a substantially similar patent, the plaintiffs in the New York action asked the Southern District of New York to expand the injunction to include the newly-filed action. *Id.* at 406. While the Southern District of New York's decision was pending, the Western District of Texas in the new Texas case enjoined the Southern District of New York action. *Id.* at 406-07. The Fifth Circuit reversed, finding that the Western District of Texas's injunction usurped the Southern District of New York's power to supervise and modify its earlier injunction in response to changed conditions. *Id.* at 407-08. In the disputes between Plaintiffs and TKC, neither relevant District has attempted to enjoin the action in the other District, leaving no similar questions of usurpation of another Court's power.

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS**                                                    Page - 9

Morning that TKC interfered with or disrupted, but Advanced Art failed to allege that TKC's conduct was independently tortious or wrongful or that Advanced Art suffered any damages resulting from the alleged interference. (*Id.* at 18.)

In response, Advanced Art merely argues that it was sufficient to assert boilerplate allegations to support the elements of its tortious interference claim. (Opp. pp. 11-12, at ¶ 25; Am. Compl. ¶¶ 31-33.) There are <u>no facts alleged whatsoever</u> in the Amended Complaint to support these conclusory allegations. For example, Advanced Art makes no attempt to allege the factual nature, scope or circumstances of the alleged relationship or of the alleged damages. Nor are there any cognizable allegations of fact that could support a finding that TKC's alleged interfering conduct was independently tortious or wrongful.

Advanced Art also argues that if (as applicable law requires) its tortious interference claim is held to fail to state a claim, the Court should allow an amendment of the claim. Notably, Advanced Art fails to proffer any proposed allegations or a proposed amended pleading curing the deficiencies in the tortious interference claim. Even if Advanced Art could state a claim for tortious interference, however, the claim should be dismissed anyway, because, as discussed above, (a) this action should be dismissed as an anticipatory filing and any tortious interference claims should be brought as counterclaims in the California Action and (b) once the declaratory judgment claims are dismissed, there will be no basis for subject matter jurisdiction in this Court over Advanced Art's tortious interference claims.

## II.   CONCLUSION

For all of the above reasons, and the reasons stated in TKC's motion, the Court should dismiss this action in full or, in the alternative, stay this action pending resolution of the California Action.

Dated: August 3, 2004

Respectfully submitted,

**BELL NUNNALLY MARTIN LLP**

By: _____
Robert R. Gibbons
Texas Bar No. 07845100
Jeffrey S. Lowenstein
Texas Bar No. 24007574
1400 One McKinney Avenue
3232 McKinney Avenue
Suite 1400
Dallas, Texas 75204
(214) 740-1400 – Telephone
(214) 740-1499 – Facsimile

**OF COUNSEL**

Jeffrey C. Biggs
California Bar No. 100369
Jonathan R. Goldblatt
California Bar No. 207912
**ALSCHULER GROSSMAN STEIN & KAHAN LLP**
The Water Garden, 1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: (310) 907-1000
Facsimile: (310) 907-2000

**ATTORNEYS FOR DEFENDANT
THE THOMAS KINKADE COMPANY**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing pleading was served by delivering the same to the persons listed below, via certified mail, return receipt requested on the 3rd day of August, 2004.

Robert M. Chiaviello, Jr.
Fulbright & Jaworski, L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784

Lawrence J. Friedman
Friedman & Feiger, L.L.P.
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254

                                                        _____
                                                        Jeffrey S. Lowenstein

176603_1.DOC

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS**